UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YULLYS DEL CARMEN LEAL MALAVE,

      Petitioner,

v.                                     Case No. 3:26-cv-253-JEP-LLL

KRISTI NOEM, et al.,

      Respondents.

---

## **ORDER**

Petitioner Yullys Del Carmen Leal Malave ("Malave"), an immigration detainee at Flagler County Jail, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) and a Motion for Temporary Restraining Order ("Motion," Doc. 2).

In the Petition, Malave alleges the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), has detained her unlawfully since February 4, 2026 in violation of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, the Suspension Clause of the United States Constitution, and the *Accardi* Doctrine. (*See generally* Doc. 1). As relief, Malave asks the Court, inter alia, to prevent Respondents from moving her outside the jurisdiction of this Court while her Petition is pending and to release her unless Respondents provide a

bond hearing within seven days. (*Id.* at 3, 21). In the Motion, Malave asks for substantially the same relief in the form of a temporary restraining order. (Doc. 2 at 16).

Temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1983). Here, Malave seeks to obtain the affirmative relief sought in the Petition on an expedited basis, rather than preserve the status quo.[1] Additionally, the Motion does not include "a precise and verified explanation of the amount of the required security" or a proposed order. *See* M.D. Fla. R. 6.01(a)(4), (6); *see also* Fed. R. Civ. P. 65(c). Therefore, Malave's Motion will be denied without prejudice, but given the exigency of the circumstances, the Court will expedite the response time to the Petition.

To the extent Malave's Petition requests "an order to show cause directing Respondents to file a return within three (3) days," (Doc. 1 at 21), the request is denied. In support of this request, Malave cites 28 U.S.C. § 2243,

---

[1] To the extent Malave asks the Court to prevent Respondents from moving her outside the jurisdiction of this Court while her Petition is pending, she does not provide adequate reasons for her request. (*See* Doc. 1 at 2 (alleging that Malave was initially detained at Orange County Jail and then transferred to Flagler County Jail)). Notably, the Court still retains jurisdiction over a habeas petition even if the petitioner is removed from the Middle District of Florida. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

which provides that a writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." While § 2243 prescribes a strict time limit for returning an order to show cause, district courts retain discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases.[2] *See, e.g., Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994) (noting that while § 2243 has a "rigidly prescribed" response deadline, Rule 4 of the Rules Governing § 2254 Cases has the "force of a superseding statute" and "loosened up the deadline for responses"); *Baker v. Middlebrooks*, No. 5:08CV44-RS-MD, 2008 WL 938725, at *1 (N.D. Fla. Apr. 8, 2008)[3] (same); *Zarefard v. Noem*, No. 1:25-CV-00895, 2025 WL 1805864, at *2 (W.D. La. June 30, 2025) (same). Here, the Court finds a thirty-day response deadline to be appropriate. Malave has not demonstrated exigent circumstances—beyond those of other habeas corpus petitioners—that would warrant a change in the response deadline. And this time limit gives Respondents sufficient time to investigate Malave's claims.

---

[2] The Rules Governing § 2254 Cases are applicable to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[3] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022). In addition, although decisions of other district courts are not binding, they too may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

The Court recognizes the magnitude of the liberty interest at stake. As such, once this case is ripe, the Court will dispose of the Petition as expeditiously as possible.

Accordingly, it is **ORDERED**:

1. Malave's Motion (Doc. 2) is **DENIED without prejudice**.

2. The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Warden Daniel M. Engert, 1002 Justice Lane, Bunnell, FL 32110. All costs of service shall be advanced by the United States.

3. Respondents, within **30 days** from the date of this Order, shall respond to the Petition, and show cause why the Petition should not be granted.

4. If Petitioner is removed from the United States, Respondents must file a notice within **3 days** of Petitioner's removal.

5.    Petitioner must advise the Court of Petitioner's current mailing address, including if Petitioner is released from custody. If Petitioner fails to do so, the Court may dismiss the action.

6.    The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

7.    After Respondents file a response, Petitioner shall have **30 days** to file a reply to Respondents' response.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of February, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Counsel of Record